GARY E. ULERY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ulery v. Commissioner
Docket No. 28936-88
United States Tax Court
T.C. Memo 1990-409; 1990 Tax Ct. Memo LEXIS 422; 60 T.C.M. (CCH) 389; T.C.M. (RIA) 90409; August 2, 1990, Filed *422 An appropriate order and decision will be entered. Gary E. Ulery, pro se. Robert P. Crowther, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on respondent's motions To Dismiss For Failure to Properly *423 Prosecute and for Damages Under Section 6673. For reasons stated below, we grant both motions. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income taxes for 1982, 1985, and 1986 in the amounts of $ 717; $ 8,503; and $ 2,570, respectively; and additions to tax as follows: Additions to Tax
Year
Sec. 6651(a)(1)
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6654
1982
$   179.25
$  35.85
*
$  69.81
1985
1,128.00
425.15
*
349.81
1986
284.75
128.50
*
73.84
The issues raised by the petition and answer *424 are: 1. Whether respondent's deficiency determinations for petitioner's taxable years 1982, 1985, and 1986 are correct. 2. Whether petitioner received taxable unemployment compensation in the amounts of $ 1,656 for 1982, $ 4,956 for 1985, and $ 4,788 for 1986 from the State of Alaska, Department of Labor. 3. Whether petitioner received taxable payments from the State of Alaska, Department of Revenue, Permanent Fund Program, in the amounts of $ 404 for 1985 and $ 556 for 1986. 4. Whether petitioner is liable for additions to tax for the years in question for: (a) failure to file returns under section 6651(a)(1); (b) negligence or intentional disregard of the rules and regulations under section 6653(a)(1) and (2) for 1982 and 1985 and section 6653(a)(1)(A) and (B) for 1986; and (c) failure to pay estimated tax under section 6654. 5. Whether petitioner is liable for a penalty under section 6673 for instituting and maintaining this action primarily for delay. Petitioner resided in Nenana, Alaska when he filed his petition in this Court. Failure to Properly Prosecute
Rule 123(b) provides, "For failure of a petitioner properly to prosecute * * * or for other cause *425 which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." Dismissal of a case is a sanction resting in the discretion of the trial court. . It is well settled that a taxpayer's unexcused failure to appear at a trial and failure to participate in any meaningful way in the resolution of the case can result in a dismissal of the action against him for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. ; , affd. without published opinion ; , affd. ; . Respondent determined that petitioner failed to file returns for all of the years in question. Without input from petitioner, respondent determined petitioner's tax liability for each of the taxable years at issue on the basis of *426 wage, unemployment compensation, and other income from wage statements and Forms 1099 provided to the Internal Revenue Service by the State of Alaska. Respondent determined petitioner's filing status to be married, filing separately and allowed petitioner one exemption. In his petition, petitioner stated various theories such as: he was a "non-taxpayer under the Internal Revenue Code," and "there is no provision making petitioner liable for any tax imposed, nor is there any section requiring him to file a return." Respondent filed an answer and proceeded with pretrial discovery. Petitioner was uncooperative during informal discovery, producing no documentation to support his entitlement to unspecified deductions and other tax benefits, despite the fact that he was under a duty to do so pursuant to this Court's Rules of Practice and Procedure, and the discovery requests served on him by respondent on January 17, 1989 and March 21, 1989. Rather than complying with the discovery requests, petitioner submitted his own informal interrogatories and requests for the production of documents directed at respondent. Petitioner's discovery requests would not have led to admissible evidence. *427 Instead, they were merely attempts to promote his tax protestor-type theories. Petitioner also supplied some records of the results of surveys conducted to determine the typical cost of living in Alaska and a large volume of tax protest materials. In respondent's response to discovery requests, petitioner was notified of respondent's position that his legal arguments are flawed. Petitioner was served on January 17, 1990, with the Court's notice setting this case for trial. This notice prominently states in capital letters that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Notwithstanding the Court's Pretrial Order and respondent's reminder to petitioner, no appearance was made by or on behalf of petitioner when this case was called for trial. No reason was offered for his failure to appear. Petitioner made no request for continuance. We can only conclude that petitioner's failure to appear at the call of his case was intentional. Petitioner has previously been before this Court where he raised identical issues to those in this case and failed to appear for trial. On July 26, 1989, this Court granted respondent's motion to *428 dismiss petitioner's petition for tax years 1983 and 1984 for failure to properly prosecute, and motion for damages. . The Court found that the positions taken by petitioner were frivolous and groundless and awarded damages to the United States under section 6673 in the amount of $ 5,000. It is therefore patently clear that petitioner knew or should have known the consequences of his conduct in this case. In light of the above, we grant respondent's motion to dismiss this case for failure to properly prosecute. Imposition of a Penalty Under Section 6673
At trial, respondent filed a motion for damages (now called a penalty) under section 6673. For positions taken before 1990, section 6673 enables this Court to award damages up to $ 5,000 where the proceedings instituted by the taxpayer are primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. Sec. 6673(a); ; ; *429 . For positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the Court may award a penalty not in excess of $ 25,000 in these proceedings. Sec. 6673(a)(1); . We have imposed such penalties in similar cases. E.g., It appears to the Court that each of the reasons set forth in section 6673(a)(1) for applying sanctions is applicable in this case. On the basis of the entire record, the Court concludes that petitioner's failure to be present at trial to offer any evidence to prove the only nonfrivolous positions raised in his petition and his reliance on tax protestor-type arguments that have been consistently rejected by this Court is frivolous and groundless and that he instituted these proceedings primarily for purposes of delay. Petitioner has wasted the resources of this Court by making these frivolous, tax protestor-type arguments. Under these circumstances, we require petitioner to pay to the United States a penalty in the amount of $ 5,000. An appropriate *430 order and decision will be entered. Footnotes
1. Section 6653(a)(1) and (2) has been redesignated for taxable year 1986 as section 6653(a)(1)(A) and (B), respectively.↩
*. 50 percent of the interest computed on the portion of the underpayment which is attributable to negligence. ↩